. DUDLEY S. GREGORY, The.    See Case No. 537.

---

## Case No. 4,116.

### DUER v. SMALL et al.

[4 Blatchf. 263; [1] 7 Am. Law Reg. 500; 17 How. Pr. 201.]

Circuit Court, S. D. New York.    Feb. 8, 1859.

TAXATION—TAX ON BUSINESS OF NON-RESIDENTS —CONSTITUTIONAL LAW.

1. The law of the state of New York (Laws 1855, c. 37) which provides that all persons doing business in the state as merchants, bankers or otherwise, and not residents of the state, shall be assessed and taxed on all sums invested in said business, the same as if they were residents of the state, is not a violation of the constitution of the United States, or otherwise illegal or void.

2. The provision ·of such law, that the tax on the personal estate of such non-residents may "be collected from the property of the firms. persons or associations to which they severally belong." cannot. on a bill filed by a nonresident member of a firm doing business in the state, to restrain the collection of such tax, to which bill the other members of the firm are not made parties, be questioned as to its validity.

3. A portion of a law may be invalid, while another portion of it is valid.

---

[1] [Reported by Hon. Samuel Blatchford. District Judge, and here reprinted by permission.]

In equity. The plaintiff, who was a resident and citizen of the state of New Jersey, and had been such since the month of January, 1855, was, during all that time, engaged in the business of banking in the city of New York, as a partner in the firm of James G. King & Sons. The defendant Small was the receiver of taxes in and for the city and county of New York. The law of the state of New York (Laws 1855. c. 37) provides, that all persons doing business in the state of New York, as merchants, bankers, or otherwise, and not residents of the state, shall be assessed and taxed on all sums invested in said business, the same as if they were residents of the state. Residents and non-residents, with respect to taxes on personal property invested in business in the state, are put on an equality. The plaintiff was assessed and taxed upon his personal property invested in his said business in the city of New York, in the years 1855, 1856, and 1857. The amount of those taxes was about $1,400. He refused to pay them. He alleged, in his bill, that the law of the state of New York was in violation of the constitution of the United States, and was otherwise illegal and void, and prayed for an injunction restraining the defendant Small, and others who might claim authority to act, from issuing any warrant or other instrument, and from taking any steps, for the collection of said taxes, and from levying upon any goods or chattels to satisfy the same. The defendants demurred to the bill.

J. C. Bancroft Davis, for plaintiff.

Abraham R. Lawrence, Jr., for defendants.

INGERSOLL, District Judge. Taxes are a portion that each individual gives of his property, in order to secure or have the perfect enjoyment of the remainder. Governments are established for the protection of persons and property within the limits of the state; and taxes are levied to enable the government to afford or give such protection. They are the price or consideration paid for the protection afforded. When the [person] [2] of an individual receives the protection of the state by its laws, it is right that he should afford to the state, in the way of taxes, a recompense or consideration for such protection: for. otherwise, that protection could not be extended to him. Without taxes, the state would be powerless to afford protection; and, when the property of an individual receives the protection of the state, it is equally right that the property protected, no matter whether it be real or personal, should in such way yield a recompense or consideration. The owner of property within the limits ·of a state, no matter whether the property be real or personal, and no matter where the owner has his domicil, has a right to call upon the government of the state to protect such property

[2] [7 Am. Law Reg. 500, gives "property."]

by its laws and its officers acting under such laws. But such protection cannot be afforded, unless means, by the way of taxes, are furnished to afford the protection. And taxes are no more to be levied upon the property of the resident to protect the property of the non-resident, than taxes are to be levied upon the property of the non-resident to protect the property of the resident. The property of a non-resident within the limits of a state, whether it be real or personal, is equally protected by the laws with the property of a resident. There would appear, therefore, to be no good reason why it should not equally pay in taxes for such protection —no good reason why the non-resident, with the resident, should not give a portion, in order to secure the perfect enjoyment of the remainder.

The laws of New York, like the laws of all the states in the Union, declare that all real estate within the state, by whomsoever owned, shall be taxed. The laws of the state, by virtue of which the taxes in the bill complained of were imposed, declare, that all personal estate invested by a non-resident owner in business within the state, (and who, by such investing, calls upon the state for protection to such property,) shall be assessed and taxed the same as if it were so invested by residents—that all personal property invested in business within the state shall pay alike for the security and protection afforded it by the government; and means are provided by the laws to make it pay for such security and protection.

If a non-resident does not wish to pay for such security and protection, he can withdraw his personal property from the state, and thus free himself from such payment. There is no law which compels him to put his property under the protection of the laws of a state of which he is not a citizen or resident. But, while he asks and demands protection from the laws, there is no good reason why he should not pay for it—no good reason why he should demand that the property of the resident should pay for it. And there is no higher law of the United States which gives a non-resident a right to demand that the property of the resident citizen should pay for the protection afforded by the laws to the property of the non-resident citizen. The equal "privileges and immunities," secured to "the citizens of each state," in the several states, does not demand such a requirement as this.

With respect to real estate, the non-resident cannot withdraw it from the state, even if he does not like the law, but is compelled to let it remain within the limits of the state where it is taxed. The superior law of the United States, which forbids the imposition of duties by a state upon property imported from a foreign country, does not forbid the state, after it has been imported and has become mixed with other property in the state, and thereby requires the protection of the laws of the state, from exercising the right to require that such property, by whomsoever it may be owned, shall pay for the protection afforded it.

It is admitted by the plaintiff, that the real estate of a non-resident is liable to pay, in taxes, for the protection afforded it by the state; and the chief reason urged why personal estate is not subject to the same rule is, that the rule of law is, that personal estate follows the person of the owner, and that, therefore, it may be taxed in the state where the owner is domiciled. There is no allegation in the bill that the personal estate of the plaintiff, invested by him in business within this state, has been taxed in New Jersey, the state of his domicil. But, if it were so taxed, it would not follow that it cannot be taxed in the state where it actually is, and where protection is actually afforded it. If a non-resident owner of real estate should be taxed in the state of his domicil on an assessment of what he was worth, which included the value of the real estate which he owned in another state, or if he should be assessed upon his income, which included the rent of such real estate, that would be no good reason why the state in which the real estate was, and which actually afforded the protection of its laws to it, and by which protection he would be enabled to receive rent, should not have the right to compel such real estate to contribute to the expense and cost of such protection actually afforded.

Bank stock is personal estate. According to the rule of law, it follows, with all other personal property, the person of the owner. Such stock, whether owned by a resident or a non-resident, is usually taxed in the state where the bank is located. It is believed that laws taxing such stock are not obnoxious to the charge of being opposed to any constitutional law, either state or national. It would seem to be enough that the property of a non-resident, whether that property be real or personal, should be put upon an equality, in respect to taxation, with the property of a resident, without requiring that it should have greater privileges.

The taxing power of a state is one of its attributes of sovereignty, and where there has been no compact with the federal government, or cession of jurisdiction, for the purposes specified in the constitution, this power reaches all the property and business within the state. Nathan v. Louisiana, 8 How. [49 U. S.] 73, 82. In the case of Catlin v. Hull, 21 Vt. 152, it was held, that the personal property of a non-resident, in a state where he was not domiciled, might be taxed in such latter state.

The law of New York prescribes that the tax on the personal estate of such non-residents may "be collected from the property of the firms, persons or associations to which they severally belong." It is not necessary to consider this portion of the law,

although its invalidity is alleged by the plaintiff. No one but the plaintiff complains of it. Admitting, for the purpose of the argument, that James G. King and the other individuals of the firm of which the plaintiff is a member, could justly complain of this particular mode prescribed for the collection of the tax against the plaintiff, if it should be attempted to be followed, on the ground that it is objectionable, as being opposed to the fundamental law, yet they make no complaint by this bill. They may never have any cause of complaint. They are not parties to this bill. The question is—has the plaintiff any just cause of complaint against this law, or the manner in which the tax has been assessed against his personal property in the state, by virtue of its provisions? The question is—can he resist the payment? A portion of a law may be invalid, while another portion of it is valid. An invalid provision of a law will not affect another and distinct provision which is valid.

Without going into the question, therefore, whether James G. King and the other members of the firm, (excepting the plaintiff,) would have any cause of complaint if the tax should be collected from their property, I hold that the allegations in the bill are not sufficient to justify the court in interposing in favor of the plaintiff, by injunction. The bill, must, therefore, be dismissed.